UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOWARSKI MANUEL CAPTAIN**　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　**NO. 21-995**

**CALCASIEU PARISH SHERIFF'S**　　　　　　**SECTION "D"(4)**
**OFFICE, ET AL.**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.    Factual and Procedural Background

Plaintiff Jowarski Manuel Captain ("Captain") is an inmate housed in the Catahoula Correctional Center in Harrisonburg, Louisiana, when this suit was filed.[1] Captain filed this *pro se* complaint under 42 U.S.C. § 1983 against the Calcasieu Parish Sheriff's Office and Lake Charles Memorial Hospital alleging that he was denied immediate medical attention and excessive force was used on him.[2] Captain did not submit a filing fee or a pauper application with his complaint.

On May 26, 2021, the Clerk of Court sent Captain a notice of this deficiency and other errors on his form complaint which required Captain to correct the complaint and either pay the filing fee or submit a properly completed and certified pauper application within twenty-one (21)

---

[1] ECF No. 1, at 3-4 (Deficient Complaint).
[2] *Id*. at 5-7.

days of the date of the notice.[3]  The Clerk of Court mailed the notice and required forms to Captain at the address he provided on his complaint.  On June 30, 2021, the envelope containing the notice was returned marked undeliverable as addressed, noting "inmate not found."[4]

In the meantime, on June 25, 2021, the Court ordered Captain to show cause in writing on or before July 16, 2021, why this case should not be dismissed with prejudice for his failure to respond to the Clerk's Notice of Deficiency, correct his form complaint, pay the filing fee or submit a certified pauper application, and/or inform the Court of his current address as required by L.R. 11.1 and L.R. 41.3.1.[5]  The envelope sent to Captain at his record address has not been returned as undeliverable.  Captain has not responded to the Show Cause Order or otherwise contacted the Court about his case.

## II.     Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b).  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g., Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

---

[3] ECF No. 2.
[4] ECF No. 4.
[5] ECF No. 3.

In this case, Captain is without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

### III. Analysis

As noted above, Captain did not submit the required filing fee or request leave to proceed *in forma pauperis*. He has not corrected this deficiency or provided the Court with his current address. He also has not responded to the Court's order issued June 25, 2021. His failure to do so stands as sufficient grounds to dismiss his case for failure to prosecute.

Furthermore, the Court notes that Captain has presented his complaint to a court that is not a proper venue under the general venue provisions of 28 U.S.C. § 1391(b) applicable to § 1983 cases:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under these provisions, the Eastern District of Louisiana is *not* a proper venue for Captain's claims arising in Calcasieu Parish, where he indicates the complained of incidents occurred. Calcasieu Parish is within the boundaries of the Western District of Louisiana. 28 U.S.C. § 98(c). The record provides nothing to establish venue in the Eastern District of Louisiana.

The provisions of 28 U.S.C. § 1406 allow a court to transfer a case from a district in which venue is wrong to another district or division in which venue is proper when transfer is in the interests of justice. *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998). In this case, the interests of justice do not dictate transfer because Captain failed to prosecute this case as required by the rules and Orders of this Court.

For these reasons, Captain's § 1983 complaint should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for his failure to prosecute.

## IV.  Recommendation

It is therefore **RECOMMENDED** that Captain's § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[6]

New Orleans, Louisiana, this 22nd day of July, 2021.

                                                    **KAREN WELLS ROBY**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[6]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.